S. F. Guggenheimer *v.* Queen Bee Flour Mills Co. *et al.*

(*Knoxville.* September Term, 1916.)

**BANKS AND BANKING.** Purchase of draft. Attachment.

The Q. Company drew its draft on D. in favor of the S. Bank, with bill of lading attached covering a carload of flour, and same was deposited by the U. Company in such bank to the credit of the U. Company. Thereafter it was forwarded to the H. Bank for collection. Though the sale of the flour to D. was made in the name of the Q. Company, it appeared that it was merely the selling agent of the U. Company. It further appeared that the deposit was made in the regular course of business between the two companies, which business averaged one hundred and fifty similar drafts during each month, and that on the drafts being deposited a credit was entered by the U. Company on its books in favor of the Q. Company. *Held*, that the reception of the draft by the S. Bank and the entry of a credit therefor in favor of the U. Company constituted a purchase of the draft, not a deposit for collection, and that therefore the proceeds of the draft belonged to the S. Bank and were not subject to attachment in the hands of the H. Bank as the property of the Q. Company.

Cases cited and approved: Implement Co. v. Bank, 128 Tenn., 320; Banking Co. v. Hall, 119 Tenn., 548; Milling Co. v. Bank, 120 Tenn., 225; St. Louis & San Francisco R. R. Co. v. Johnston, 133 U. S., 566; Commercial Nat. Bank v. Armstrong, 148 U. S., 50; Mfg. Bank v. Continental Bank, 148 Mass., 555; Freeman's Bank v. Tube Works Co., 151 Mass., 413; Armstrong v. Nat. Bank, 90 Ky., 431.

---

FROM HAMILTON.

---

Appeal from the Chancery Court of Hamilton County.—W. B. Garvin, Chancellor.

COLEMAN & FRIERSON, for appellant.

CANTRELL & MOON, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

On the 1st of March, 1915, the Queen Bee Flour Mills Company drew its draft in Minneapolis, Minn., on F. M. Daniel, at Chattanooga, Tenn., in favor of the Security National Bank of Minneapolis, for $1,591.74. This draft, with bill of lading attached covering a carload of flour, was deposited by an agent of the United Flour Mills Company in the aforesaid Security National Bank to the credit of the said United Flour Mills Company. The draft, with its bill of lading attached, was then forwarded to the Hamilton National Bank, at Chattanooga, Tenn., for collection. On the 11th of March, 1915, the complainant, Guggenheimer, by his original bill of attachment, filed in the chancery court of Hamilton county, caused to be attached the proceeds of this draft in the hands of the Hamilton National Bank, as the property of the Queen Bee Flour Mills Company, to secure the payment of a debt claimed by him in excess of $1,300. The Queen Bee Flour Mills Company filed its plea in abatement denying ownership of the draft. The aforesaid Security National Bank of Minneapolis filed its intervening petition claiming that it owned the draft, and hence its proceeds. An answer was filed to this petition by the complainant

in which such ownership was denied. Evidence was filed in the form of depositions, and, on consideration of this evidence, and the pleadings, the chancellor was of the opinion that the complainant was not entitled to recover, and so dismissed his bill. The case was then appealed to this court.

We are of the opinion that the chancellor reached the correct conclusion. The evidence shows that, while the sale to Daniel was made in the name of the Queen Bee Flour Mills Company, the latter was the regular selling agent of the United Flour Mills Company, and the draft was deposited to the credit of the latter in the bank before it was sent forward for collection. This deposit was made in the regular course of business between the Queen Bee Flour Mills Company and the United Flour Mills Company, averaging one hundred and fifty similar drafts during each month. The custom of business between the two concerns was the sales were made in the name of the Queen Bee Flour Mills Company, the drafts deposited in the Security National Bank to the credit of the United Flour Mills Company, and a credit entered by the latter on its books in favor of the Queen Bee Flour Mills Company. It is not shown in the evidence the amount of the charge entered upon the books of the United Flour Mills Company against the Queen Bee Flour Mills Company when flour was turned over to the latter; but, inasmuch as it does appear that the Queen Bee Flour Mills Company was simply the selling agent of the United

Flour Mills Company in these dealings, and was itself a solvent concern, there is no reason to doubt that the transaction was an honest one, and that the form of crediting on the books of the United Flour Mills Company the amount of the drafts deposited to the credit of the said company in the Security National Bank by the Queen Bee Flour Mills Company was adopted for purposes of settlement between the two companies; the difference between the debit and credit on the books of the United Flour Mills Company showing the compensation of the Queen Bee Flour Mills Company. The bill does not charge that the transaction was fraudulent, and so there is no issue of that kind. We assume it therefore to be *bona fide*. This being true, the deposit of the draft in the Security National Bank to the credit of the United Flour Mills Company, the reception of such draft by the bank payable to itself, and the entry by it of credit therefor in favor of the United Flour Mills Company, under the recognized course of business between the three parties, resulted in a cashing of the draft by the bank in favor of the United Flour Mills Company, and an out and out purchase by the bank, thus making the bank the owner of the draft. Under the peculiar facts stated it was not a deposit for collection. It is true the bank did not discount the draft, but it received deposits of a similar character from the United Flour Mills Company, during the year amounting to hundreds of thousands of dollars, and the account shows

that there were always large balances to the credit
of the United Flour Mills Company during each
month. Thus the bank received compensation for its
risk, in the business of a valued customer, and the
use of its money on deposit. So that, when the draft
was sent forward to the Hamilton National Bank
for collection, it was the property of the Security
National Bank of Minneapolis, and not of the Queen
Bee Flour Mills Company, or of the United Flour
Mills Company. It is true, as a general rule,
that where a draft is deposited in a bank with-
out being discounted, but the amount of it is credited
to the depositor, nothing more appearing, such draft
is deposited for collection simply, and in case there
be no collection it may be charged back to the cus-
tomer. *Implement Co.* v. *Bank,* 128 Tenn., 320, 324,
160 S. W., 848; *Banking Co.* v. *Hall,* 119 Tenn., 548,
564, 108 S. W., 1068; *Milling Co.* v. *Bank,* 120 Tenn.,
225, 250, 111 S. W., 248, 18 L. R. A. (N. S.), 441;
*St. Louis & San Francisco R. R.* v. *Johnston,* 133 U.
S., 566, 10 Sup. Ct., 390, 33 L. Ed., 683. The case
before us, however, does not present such a state
of facts, but one from which the necessary conclusion,
it seems to us, is that the purpose all around was
that the bank should appropriate the draft and
account for its proceeds to the United Flour Mills
Company, and permit the latter to use the funds as
its own, and, as shown by the course of business, the
account made up of many drafts similar to the one

appearing in this case was used by the United Flour Mills Company, at its pleasure.

We need not, therefore, consider the *status* where a collecting bank sends drafts to its correspondent, and the funds are seized by a creditor of the depositing customer before they reach the aforesaid collecting bank while in the hands of its correspondent. The law upon this latter phase of the case is well settled. *Implement Co.* v. *Bank,* supra; *Commercial National Bank* v. *Armstrong,* 148 U. S., 50, 13 Sup. Ct., 533, 37 L. Ed., 363; *Manufacturers' Bank* v. *Continental Bank,* 148 Mass., 555, 20 N. E., 193, 2 L. R. A., 699, 12 Am. St. Rep., 598; *Freeman's Bank* v. *National Tube Works Co.,* 151 Mass., 413, 24 N. E., 779, 8 L. R. A., 42, 21 Am. St. Rep., 461; *Armstrong* v. *Boyertown National Bank,* 90 Ky., 431, 14 S. W., 411, 9 L. R. A., 553.

The result is that the decree of the chancellor must be affirmed.